AVIS et al. v. STRAUS et al.

(Supreme Court, Appellate Division, First Department. June 6, 1913.)

DEPOSITS IN COURT (§ 12*)—PAYMENT—PERSONS ENTITLED.

Under General Rules of Practice, rule 69, requiring that orders directing the payment of money out of court shall direct its payment to the persons entitled to the deposit, it must be paid to him or his attorney in fact, and cannot be directed to be paid to his attorney at law in the case.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 13; Dec. Dig. § 12.*]

───────────

Appeal from Special Term, New York County.

Action by William A. Avis and another, as copartners, against Rosa W. Straus, individually, etc., and others. From an order directing the payment to defendant Straus, or her attorneys, of certain moneys, plaintiffs appeal. Affirmed, as modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

W. A. Barber, of New York City, for appellant.

W. M. K. Olcott, of New York City, for respondent.

PER CURIAM. We regard this money, which the court has ordered to be paid, as money paid into court to abide the result of an action to be brought; and that action having been brought, and determined in favor of the defendant Rosa W. Straus, she is entitled, under the stipulation, to a return of the said money. If the money in question was not money paid into court, the court would have no power by a summary order to direct its disposition.

The provisions of rule 69 of the General Rules of Practice require that all orders directing the payment of money out of court shall direct the payment to be made to the person entitled to receive the same. Under this rule the money must be paid to Rosa W. Straus, or to her attorney in fact.

The order must therefore be modified, by striking out the provision directing the money to be paid to her attorneys, and by further providing that this order is without prejudice to the rights of the plaintiffs, or other creditors, as against the defendant Rosa W. Straus.